McCauley, J.
The principal question in this ease is whether or not the plaintiff in error, Carran, is liable as endorser of the draft on which the plaintiff seeks to recover. This question is to be determined by the character to be given to the draft itself. The claim of the plaintiff in error is that the draft is merely an assignment of an unearned salary for a certain quarter, and being drawn on the city treasurer was payable out of the salary of the drawer, and being thus payable out of a particular fund was not negotiable.
Whether the drawer made an assignment only of his salary, or a bill of exchange depends upon his intention, as it can be ascertained from the paper itself, to make himself personally liable.
An order to pay money out of a particular fund is not a bill of exchange, but an order to pay with directions to the drawee how he may reimburse himself is a bill of exchange. This distinction has been recognized in many cases. Kelly v. Brooklyn, 4 Hill, 263; Caursin v. Ledlie, 31 Pa. St., 506 ; U. S. v. Bank of the Metropolis, 15 Pet., 377.
Is there enough in this draft to indicate the intention of the drawer to make himself liable? He made his draft upon S. T. Everett, directing him to pay the amount of the draft and charge the same to his quarter’s salary for the quarter then ending and waived demand and protest. It is quite clear from the waiver of demand and protest that the drawer contemplated a continuing liability on his part. The bill is really one drawn on Everett. The designation ‘ city treasurer ” is merely deseriptio personce, and the direction to charge to his quarter’s salary is nothing more than a direction to the drawee how to reimburse himself.
The drawer had no authority to draw on Everett as city *400 treasurer, nor had Everett authority by reason of the draft, to pay to any one the amount stated in the -draft, or any amount as the salary of the drawer. His salary could be paid by the drawee only on the order of the proper officer of the city.
The draft is a different thing from an order of an officer authorized by law to draw orders on a treasurer for moneys held by the treasurer officially, as in- the case of State v. The Treasurer, 22 Ohio St., 144, referred to by -plaintiff in error. In that case it was held that such an Order was not negotiable. It was an order drawn in the form required by statute, by an officer authorized to draw on the treasurer, who was authorized to pay — on his order and oñ no other. Not a matter of dealing, but the form required by law to be observed -in the disbursement of public moneys.
The city would he liable only for any money owing upon the salary of the drawer at the commencement of the action, for the quarter ending- at the maturit3r of the draft, not. because of any notice to it or any of its offices of .the nonpayment of the draft, but because it held the fund, or some part of it, appropriated by the draft to its payment, a,nd the action itself would be notice that the money, if any was so-held, was claimed by the holder of the draft.

Judgment affirmed.